Honorable Marc Barreca
Chapter 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>Bryan and Valorie Chalk,<br><br>     Debtors.<br>_____<br>United States Trustee,<br><br>     Plaintiff,<br><br> v.<br><br>PINNACLE GROUP INC.;<br>d/b/a PINNACLE LOAN GROUP;<br>d/b/a PINNACLE GROUP AUTO, LLC;<br>d/b/a PINNACLE GROUP,<br><br>     Defendant(s).<br>_____ | Case No. 22-10173<br><br><br><br><br>Adversary No.<br><br><br><br>UNITED STATES TRUSTEE'S COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF AGAINST PINNACLE GROUP INC., FOR VIOLATIONS OF 11 U.S.C. §§ 526, 527, and 110 |

  The United States Trustee for Region 18 ("Plaintiff"), by and through counsel, for his

complaint for return of fees, statutory damages, and injunctive relief against Pinnacle Group Inc.

d/b/a PINNACLE LOAN GROUP, d/b/a PINNACLE, GROUP AUTO, LLC; d/b/a PINNACLE

COMPLAINT FOR RETURN OF FEES,
STATUTORY DAMAGES, AND
FOR INJUNCTIVE RELIEF - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

GROUP.[1] ("Defendant") pursuant to 11 U.S.C. §§ 526, 527 and 110 alleges and states as follows:

**PARTIES**

1. Plaintiff, Gregory Garvin, is the acting United States Trustee for Region 18, which includes the Western District of Washington.

2. The Plaintiff has standing to seek the relief requested pursuant to 11 U.S.C. § 307.

3. The Defendant, Pinnacle Group Inc, is a debt relief agency as defined by 11 U.S.C. § 101(12A).

4. Bryan and Valorie Chalk (the "Debtors) are each an assisted person as defined by 11 U.S.C. § 101(3).

5. As alleged further herein, the Defendant provided the Debtors bankruptcy assistance as defined by 11 U.S.C. § 101(4A).

**JURISDICTION**

6. This complaint is filed pursuant to 11 U.S.C. § 526, and Fed. R. Bankr. P. 7001(7) and 7065.

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

9. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1] The documents provided by the Defendant in relation to this case use the names interchangeably.

COMPLAINT FOR RETURN OF FEES,
STATUTORY DAMAGES, AND
FOR INJUNCTIVE RELIEF - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

**FACTS**

10. On February 1, 2022, the Debtors filed a chapter 13 bankruptcy petition, *pro se*, in the Bankruptcy Court for the Western District of Washington (case number 22-10173).

11. As of January 2022, the Debtors owned a 2018 Dodge Journey financed by Chrysler Capital, which was repossessed by Chrysler Capital before the petition was filed.

12. On January 31, 2022, Debtor Mr. Chalk, on behalf of himself and his co-Debtor spouse, was utilizing the search engine Google to find internet resources related to car repossession. During his search, he found the Defendant's website ([www.pinnacleloangroup.com](www.pinnacleloangroup.com)).

13. Mr. Chalk viewed reviews for Defendant's services on Yelp.

14. Mr. Chalk went to Defendant's website and observed that the Defendant offered promises and guarantees to assist with getting a repossessed car returned.

15. Mr. Chalk was motivated to get his car back because it was his only mode of transportation.

16. On January 31, 2022, after viewing the Defendant's website, Mr. Chalk called a number he found on the website and spoke with a person. This person explained to Mr. Chalk what services the Defendant offered to assist with repossessions and how much such assistance would cost. This person represented that the Defendant would help get Mr. Chalk's car back. This person said that a lawyer would be contacting him after payment is received. This person further explained that she would put Mr. Chalk in touch with "Anthony"[2] on behalf of the Defendant once Mr. Chalk signed a contract and paid the fee.

---

[2] Mr. Chalk never learned "Anthony's" full name or received proof of his role or employment at Defendant.

COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

17. Mr. Chalk was provided with "Anthony's" phone number and was able to reach him via telephone. At "Anthony's" request, Mr. Chalk then Docusigned a debit card authorization form provided by the Defendant in the amount of $1,200. "Anthony" told Mr. Chalk that his debit card payments were not going through the Defendant's system. Mr. Chalk had provided the Defendant with at least two unique debit cards to attempt to make the payment with.

18. After the failed attempts to charge Mr. Chalk's debit cards, "Anthony" instructed Mr. Chalk to make a cash deposit of $1,250 into the Defendant's bank account at Wells Fargo. "Anthony" furnished Mr. Chalk with step by step instructions on how to do this and stated that once the funds had been verified, he would call Mr. Chalk back.

19. Mr. Chalk followed the instructions, personally drove to a Wells Fargo location, and deposited $1,250 into the Defendant's bank account at Wells Fargo.

20. In addition to the debit card authorization form sign by Mr. Chalk, Mr. Chalk also signed a "Client Account Authorization" form sent to him by the Defendant. The Client Account Authorization provides, in pertinent part that the Defendant will:

"(1) Attempt to negotiate a reinstatement of loan to include the return of vehicle to borrower or remove pending repossession order from account with your lender if account is not in "charge off status."
(2) This is not a refinance agreement. In the event your lender is not willing to cooperate with traditional requests, we guarantee the ability to help our clients remove the repossession order of their vehicle and/or will take necessary legal actions and/or provide one on one consultation to ensure the vehicle is returned to you within 7 business days of the client fulfilling the legal necessary obligations required to do so. On a case to case basis, we will evaluate the options and offer consultation for one or more of the following: Bankruptcy, traditional negotiations with your lender and/or leveraged legal negotiations to ensure a prompt resolution.
(3) All repossession prevention and post repossession assistance clients will have a total of 90 minutes of Pinnacle Groups' on staff consultants time included in this agreement. In the event the client refuses to cooperate with their assigned negotiator's instructions within the allotted timeframe the abovementioned fees indicted below are non-refundable.

COMPLAINT FOR RETURN OF FEES,
STATUTORY DAMAGES, AND
FOR INJUNCTIVE RELIEF - 4

(4) The fee charged in this agreement includes a $500 non-refundable consultation and $150 nonrefundable loan audit charge. If a client follows all steps indicated by their assigned negotiator and their vehicle is not released back to them and /or placed out of repossession status, then 100% of monies will be refunded."

21. The Client Account Authorization also provides the following disclaimer at the bottom by the signature lines: "I understand there is no cancellation period, by signing this agreement I have not been promised anything outside of this agreement. I hereby ratify and confirm no promises or guarantees have been made outside this authorization form, I understand that I will not interfere in the negotiations process, I **agree not to contact my lender during the negotiations process** & authorize my agent the above mentioned permissions IN WITNESS WHEREOF, I have executed this Client Account Authorization" (emphasis in the original).

22. On January 31, 2022, at or around 8:30 Eastern time, "Anthony" left Mr. Chalk a voicemail that stated he was the loan negotiator assigned to Mr. Chalk and that there was "some work to do with Chrysler Capital." The voicemail further stated that Mr. Chalk and "Anthony" may play phone tag because "Anthony" had been "very, very busy and [his] bank calls have been drawn out." The voicemail "Anthony" left also told Mr. Chalk not to worry and assured Mr. Chalk that "they would get his car back" and that "Chrysler Capital is very, very easy to work with."

23. On February 1, 2022, at or around 2:00 Pacific time, Mr. Chalk called "Anthony." During this conversation, "Anthony" informed Mr. Chalk that negotiating with Chrysler Capital was no longer an option because of unspecified "circumstances" and that Mr. Chalk's only option was to file a chapter 13 bankruptcy. "Anthony" stated that he would help Mr. Chalk file the bankruptcy and that he would be with Mr. Chalk every step of the way. Mr. Chalk was led to

COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF - 5

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

believe that some sort of legal help would be involved.

24. After "Anthony" informed Mr. Chalk that chapter 13 was his only option to get his car back, Mr. Chalk asked why he could not file a chapter 7 bankruptcy instead. "Anthony" assured Mr. Chalk that chapter 13 was the only option.

25. "Anthony" told Mr. Chalk that he was a senior loan analyst and had been doing this work for 25 years and that he knew the ins and outs of how to get a car back.

26. "Anthony's" overall demeanor during the phone call was brusque – he frequently cut Mr. Chalk off or provided short answers when the Mr. Chalk had questions.

27. However, "Anthony" assured Mr. Chalk that "Anthony" would be able to help Mr. Chalk with the bankruptcy filing and the process after the filing. He continually used the words "client" and "representation" in these discussions. These led Mr. Chalk to believe that he would be counseled by a lawyer at some point.

28. "Anthony" instructed Mr. Chalk to call Chrysler Capital and inform them that Mr. Chalk would be filing a chapter 13 bankruptcy.

29. Upon reflection, Mr. Chalk did not think it made sense to call Chrysler Capital before he had a bankruptcy case number. He tried to contact "Anthony" to get his advice on this issue, but was unable to reach him, and "Anthony" never returned his phone calls.

30. Shortly after the February 1, 2022 phone call, "Anthony" sent Mr. Chalk an e-mail with four links. The first was a link to an online credit counseling course. The next was a link to the U.S. Court's website page dedicated to bankruptcy cases, which the email described as being a link for an "emergency filing" that is a "9 page document," and that Mr. Chalk should think of as "an extended credit application." The third link was another link to the U.S. Court's

COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

bankruptcy website that is described as a link to the "filing fee installment form." The fourth link was again to the U.S Court's bankruptcy website and is described as a link to "verify your social security number."

31. In addition to the links, there were some detailed instructions for how to fill out the credit counseling application. The e-mail further states that the Defendant needs the certificate at the end of the credit counseling course to "start your [the Debtors] packet."

32. Similar instructions were provided with the other three links.

33. The e-mail closes with the statement: "I look forward to hearing back from you with a case number in the coming days" and information about when "Anthony" would be available.

34. After filing the bankruptcy and obtaining a case number, Mr. Chalk tried to reach "Anthony," but could not get a hold of him and left him several voicemails, including at least one with his bankruptcy case number. "Anthony" never returned any of the voicemails Mr. Chalk left for him.

35. After filing the bankruptcy, Mr. Chalk placed a phone call to Chrysler Capital. Among other inquiries, he asked if anyone had previously contacted Chrysler Capital on his behalf. Chrysler Capital indicated to Mr. Chalk that no one else had contacted them about the Debtor's account.

**FIRST CLAIM FOR RELIEF**
**Injunctive Relief - 11 U.S.C. § 526(a)(1) and (a)(3)(A) and § 526(c)(5)(A)**

36. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35.

COMPLAINT FOR RETURN OF FEES,
STATUTORY DAMAGES, AND
FOR INJUNCTIVE RELIEF - 7

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

37. Upon information and belief, the Defendant's conduct as described in the paragraphs 1 through 35 was intentional.

38. The Defendant's actions violate 11 U.S.C. §§ 526(a)(1) and 526(a)(3)(A) because the Defendant misrepresented and failed to perform the services it told the Debtors it would provide (*e.g.* assist with repossession, contact bank on behalf of the debtor, etc.). These actions constitute fraudulent, unfair, or deceptive conduct. Injunctive relief is appropriate to prevent the recurrence of this conduct.

39. Pursuant to 11 U.S.C. § 526(c)(5), the Court should enjoin the Defendant from engaging in conduct as described above in the Western District of Washington.

## SECOND CLAIM FOR RELIEF
### Injunctive Relief - 11 U.S.C. § 526(a)(3)(B) and § 526(c)(5)(A)

40. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35.

41. Upon information and belief, the Defendant's conduct as described in the paragraphs 1 through 35 was intentional.

42. The Defendant's actions violate 11 U.S.C. § 526(a)(3)(B) because the Defendant failed to adequately explain the risks and consequences of filing bankruptcy. These actions constitute fraudulent, unfair, or deceptive conduct. Injunctive relief is appropriate to prevent the recurrence of this conduct.

43. Pursuant to 11 U.S.C. § 526(c)(5), the Court should enjoin the Defendant from engaging in conduct as described above in the Western District of Washington.

COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF - 8

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

## THIRD CLAIM FOR RELIEF
### Civil Penalties - 11 U.S.C. § 526(a)(1) and (a)(3)(A) and 11 U.S.C. § 526(c)(5)(B)

44. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35.

45. Upon information and belief, the Defendant's conduct as described in the paragraphs 1 through 35 was intentional.

46. The Defendant's actions violate 11 U.S.C. §§ 526(a)(1) and 526(a)(3)(A) because the Defendant misrepresented and failed to perform the services it told the Debtors it would provide (*e.g.* assist with repossession, contact bank on behalf of the debtor, etc.). These actions constitute fraudulent, unfair, or deceptive conduct.

47. Based on the foregoing, cause exists to impose civil penalties under 11 U.S.C. § 526(c)(5)(B).

48. Under Washington State law, unfair and deceptive trade practices incur a civil penalty of up to $7,500 per violation. Wash. Rev. Code Ann. § 19.86.140 (LexisNexis, Lexis Advance through 2022 Regular Session).

49. This statute is a reasonable guide to as to the amount to be assessed for fraudulent and deceptive trade practices and the U.S. Trustee contends a $7,500 civil penalty should be assessed against the Defendant under Section 526(c)(5)(B).

## FOURTH CLAIM FOR RELIEF
### Civil Penalties - 11 U.S.C. § 526(a)(3)(B) and § 526(c)(5)(B)

50. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35.

51. Upon information and belief, the Defendant's conduct as described in the

COMPLAINT FOR RETURN OF FEES,
STATUTORY DAMAGES, AND
FOR INJUNCTIVE RELIEF - 9

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

paragraphs 1 through 35 was intentional.

52. The Defendant's actions violate 11 U.S.C. § 526(a)(3)(B) because the Defendant failed to adequately explain the risks and consequences of filing bankruptcy. These actions constitute fraudulent, unfair, or deceptive conduct.

53. Based on the foregoing, cause exists to impose civil penalties under 11 U.S.C. § 526(c)(5)(B).

54. Under Washington State law, unfair and deceptive trade practices incur a civil penalty of up to $7,500 per violation. Wash. Rev. Code Ann. § 19.86.140 (LexisNexis, Lexis Advance through 2022 Regular Session).

55. This statute is a reasonable guide to as to the amount to be assessed for fraudulent and deceptive trade practices and the U.S. Trustee contends a $7,500 civil penalty should be assessed against the Defendant under Section 526(c)(5)(B).

### FIFTH CLAIM FOR RELIEF
### Injunctive Relief - 11 U.S.C. § 527 and § 105(a)

56. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35.

57. The Defendant's actions violate 11 U.S.C. § 527 as the Defendant failed to provide any of the disclosures required to be made by a debt relief agency to an assisted person, like the Debtors.

58. Failure to make these disclosures constitutes fraudulent, unfair, or deceptive conduct. Injunctive relief is appropriate to prevent the recurrence of this conduct.

59. Pursuant to the Court's inherent authority and § 105(a), the Court should enjoin

COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF - 10

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

the Defendant from engaging in conduct as described above in the Western District of Washington.

### SIXTH CLAIM FOR RELIEF
### Unauthorized Legal Advice – Inherent Authority and 11 U.S.C. § 105(a)

60. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35.

61. The Debtors are unfamiliar with the bankruptcy, beyond filing a chapter 7 case in 2014, and did not themselves determine which chapter to file this bankruptcy case under. The Defendant counseled the Debtors to file for chapter 13 and only chapter 13. However, the Defendant did not advise the Debtors as to the risks and benefits of filing under chapter 13 or chapter 7. The Defendant also gave the Debtors advice and instruction about bankruptcy procedures and rights.

62. Unauthorized legal advice is clearly incompatible with the Bankruptcy Code. *See* 11 U.S.C. § 110(e).

63. The Court possess inherent authority to police bad faith behavior that impacts a proceeding before the Court. *See Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020).

64. In addition, the Court possesses statutory power under § 105(a) to sanction conduct that is an abuse of bankruptcy process or undermines the integrity of the bankruptcy system.

65. The Defendant's conduct here can be addressed using either the Court's inherent authority or its authority under § 105(a) or a combination of both.

COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF - 11

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

66. Sections 110(j)(2)(A)(ii) and 110(l)(1) provide a reasonable guide to a proper remedy.

67. Pursuant to 11 U.S.C. § 105 and the Court's inherent authority to discipline those that impact a proceeding before the Court, the Court should order the Defendant to pay a fine of at least $500.

68. Pursuant to 11 U.S.C. § 105 and the Court's inherent authority to discipline those that impact a proceeding before the Court, the Court should also enjoin the defendant from engaging in conduct as described above in the Western District of Washington, specifically providing unauthorized legal advice.

69. Pursuant to 11 U.S.C. § 105 and the Court's inherent authority to discipline those that impact a proceeding before the Court, the Court should also order any other remedy the Court deems just and proper.

## PRAYER

**WHEREFORE**, the Plaintiff respectfully prays for judgment from the Court as follows:

**AS TO PLAINTIFF'S FIRST AND SECOND CLAIMS FOR RELIEF**:

Enjoining the Defendant from violating 11 U.S.C. § 526 in the Western District of Washington as alleged herein.

**AS TO PLAINTIFF'S THIRD CLAIM FOR RELIEF:**

Requiring the Defendant to pay a civil penalty of $7,500.

**AS TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF:**

Requiring the Defendant to pay a civil penalty of $7,500.

**AS TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF:**

COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF - 12

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Enjoin the Defendant from violating 11 U.S.C. § 527 in the Western District of Washington as alleged herein.

**AS TO PLAINTIFF'S SIXTH CLAIM FOR RELIEF:**

Enjoin the Defendant from providing unauthorized legal advice in the Western District of Washington as alleged herein.

And fining the Defendant at least $500.

And such other further relief that the Court finds warranted.

DATED this 18th day of August, 2022

Respectfully submitted,

Gregory M. Garvin
Acting U.S. Trustee for Region 18

By:   /s/ Benjamin Teich
      Benjamin Teich, Cal Bar #281767

Attorney for United States Trustee

COMPLAINT FOR RETURN OF FEES, STATUTORY DAMAGES, AND FOR INJUNCTIVE RELIEF - 13

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)